UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES A. SMITH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-751 JTM |
| | ) | |
| ROBERT A. SIMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

On May 23, 2006, Defendants moved to exclude Plaintiffs' expert. On July 13, 2006, Plaintiffs filed their response. On July 28, 2006, Defendants filed a reply in support of their motion. For the following reasons, Defendants' motion is **GRANTED** [Doc. No. 73].

On July 28, 2006, Defendants also filed a motion for leave to depose Plaintiffs' expert. On August 4, 2006, Plaintiffs filed their reply. For the following reasons, Defendants' motion for leave to depose is **DENIED AS MOOT** [Doc. No. 89].

**I.     RELEVANT BACKGROUND**

Plaintiffs James Smith (Smith) and Heather Manns (Manns) were incarcerated in the Starke County Jail (Jail) in Knox, Indiana. Around May of 2004, both Plaintiffs developed staff infections. Both Plaintiffs allege that the Jail provided them with inadequate treatment of their infections in violation of state law and 42 U.S.C. § 1983, and they allege they did not receive due process under the 14th Amendment of the United States Constitution.

On October 5, 2005, Plaintiffs met with Dr. Mark A. Muckway, M.D., (Dr. Muckway). Dr. Muckway performed a physical evaluation, a neurological exam, and an electromyogram (EMG) on both Smith and Manns. On November 25, 2006, Plaintiffs disclosed to Defendants

that Dr. Muckway would be serving as their expert.  Plaintiffs claim that Dr. Muckway will testify about causation issues in relation to Plaintiffs' injuries.  Specifically, Dr. Muckway will testify that failure to treat the Plaintiffs' staff infections resulted in Smith's carpal tunnel syndrome and Manns's anterior tarsal tunnel syndrom and musculoskeletal pain.

Defendants have two concerns with Dr.Muckway serving as an expert.  First, Defendants contend that Plaintiffs failed to disclose that Dr. Muckway was serving as an expert properly under Fed. R. Civ. P. 26(a)(2).  Second, Defendants contend that Dr. Muckway does not satisfy the standards of F.R.E. 702 and <u>Daubert</u> and its progeny.  This Court may rule on Defendants' motions pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.     PRELIMINARY MATTERS

Defendants first claim that Dr. Muckway should be excluded under Fed. R. Civ. P. 37(c)(1) because Plaintiffs did not comply with Fed. R. Civ. P. 26(a)(2).  Specifically, the Plaintiffs did not provide Defendants with a report that included the data used by their expert, the exhibits their expert would use in testifying, their expert's qualifications, their expert's compensation, and a list of prior cases in which their expert testified.

Plaintiffs contend that any failure to disclose on their part is harmless error.  Plaintiffs claim that Dr. Muckway was listed as a possible witness, and that a report was sent to the Defendants on November 25, 2005, that included all of the required Rule 26 requisites except Dr. Muckway's compensation, professional qualifications, and experience with prior testimony.

Even though Plaintiffs may not have fully complied with Rule 26 in disclosing Dr. Muckway as an expert, Defendants do not appear to be substantially prejudiced.  Defendants were aware that Dr. Muckway would testify as a witness and Defendants were also aware that he

2

would provide some expert testimony based on the report that Plaintiffs sent to the Defendants. Also, on July 13, 2006, Plaintiffs provided an affidavit by Dr. Muckway that indicates his professional qualifications, his prior expert experience, and his compensation for his services. Even though Defendants did not receive all of the Rule 26 information by the deadline, they have received that information now.  Furthermore, Defendants possessed the crucial information they needed to prepare for the expert testimony of Dr. Muckway because the substance of Dr. Muckway's testimony was included in the Plaintiffs November 25, 2005, report.  Thus, Dr. Muckway's testimony will not be barred because Plaintiffs failed to comply with Rule 26.[1]

## III.    APPLICABLE LAW

Fed. R. Evid. 702 states as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 has liberalized the standard for qualifying as an expert witness. Wilson v. City of Chicago, 6 F.3d 1233, 1238 (7th Cir. 1993).  As a threshold matter, courts must examine whether 1) the expert will testify to valid scientific knowledge, and 2) whether that testimony will assist the trier of fact in understanding or determining a fact in issue.  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993); Smith v. Ford Motor Co., 215 F.3d 713,

---

[1] Plaintiffs also appear to argue that some of Defendants experts should be excluded. However,  Plaintiffs have deposited this argument in the middle of their response to Defendants' motion to exclude Dr. Muckway.  Consequently, Plaintiffs' argument is unclear and undeveloped.  If Plaintiffs wish to exclude some of Defendants' experts, they should file a separate motion with a more developed argument so that this Court may provide a sufficient ruling.

718 (7th Cir. 2000) (holding that "the district court must consider whether the testimony will assist the trier of fact with its analysis of any of the issues involved in the case").  In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149 (1999), the Supreme Court held that this inquiry must be taken in all matters relating to expert testimony and not only in those that contain scientific testimony.

Courts must determine whether the expert is qualified in the relevant field and whether the methodology underlying the expert's conclusion is reliable.  See Ammons v. Aramark Uniform Services, Inc., 368 F.3d 809, 816 (7th Cir. 2004).  A witness does not need to put forth testimony in a scientific or technical manner to be considered an expert.  Tuf Racing Products, Inc. v. American Suzuki Motor Corp., 223 F.3d 585, 591 (7th Cir. 2000).  Experts can be qualified to testify based upon personal experience and knowledge, so long as the experience and knowledge is reliable.  Kumho Tire, 526 U.S. at 150; Smith, 215 F.3d at 718; Tuf Racing, 223 F.3d at 591.  A court should examine the full range of practical experience and technical training, as well as examine the methodology used in reaching a conclusion when deciding whether an expert is qualified to testify.  Smith, 215 F.3d at 718.  However, offering only a bottom line conclusion does not assist the trier of fact and should not be admitted.  Zenith Electronics Corp. v. WH-TV Broadcasting Corp. 395 F.3d 416, 420 (7th Cir. 2005); Lennon v. Norfolk and Western Ry. Co., 123 F.Supp.2d 1143, 1147 (N.D. Ind. 2000).

A district court must act as a "gatekeeper" to ensure that any and all expert testimony or evidence admitted is not only relevant but reliable.  Ramsey v. Consolidated Rail Corp. 111 F.Supp.2d 1030, 1036 (N.D. Ind. 2000).  It is not the responsibility of the trial court to determine whether the expert's opinion is correct.  Smith, 215 F.3d at 719.  The factual underpinnings of

the analysis and the correctness of the conclusions are matters to be determined by the trier of fact.  Id. at 718.

**IV.    ANALYSIS**

On May 23, 2006, Defendants moved to exclude Dr. Muckway as an expert.  Dr. Muckway has a medical degree from Indiana University School of Medicine.  Dr. Muckway has operated his own neurological practice for the past eight years, he has two publications in the past ten years, and he has given several lectures in the past ten years.

On October 5, 2005, Plaintiffs met with Dr. Muckway.  Dr. Muckway performed a physical evaluation, a neurological exam, and also an EMG on both Smith and Manns.  Dr. Muckway also examined the Jail medical records of both Plaintiffs.  Based on his exams and the Jail medical records, Dr. Muckway concluded that Smith was suffering from moderately-severe carpal tunnel syndrome caused by the significant amount of edema that was part of the staff infection.[2]   Dr. Muckway also concluded that Manns was suffering from an anterior tarsal tunnel syndrom and musculoskeletal pain caused by being forced to walk awkwardly as a result of her staff infection.  Dr. Muckway also suggested that a bone scan could rule out the staff infection as a possible cause with Manns's problems, but Dr. Muckway never performed a bone scan.

Defendants contend that Dr. Muckway's opinion is not based on scientific knowledge and will not assist the jury in determining an issue in fact because Dr. Muckway's opinion is not

---

[2] Edema is "the presence of abnormally large amounts of fluid in the intercellular tissue spaces of the body; usually applied to demonstrable accumulation of excessive fluid in the subcutaneous (beneath the skin) tissues." Dorland's Illustrated Medical Dictionary 421 (26th ed. 1985).

based on sufficient facts or data and is based on unreliable principles and methods pursuant to F.R.E. 702.

A.      Sufficient Facts or Data

Defendants contend that Dr. Muckway's opinions are merely based on anecdotal or unreliable and incomplete evidence. The first prong of F.R.E. 702 requires the expert to base his opinion on sufficient facts or data. F.R.E. 702 is flexible and permits a witness to be qualified as an expert if she is qualified by knowledge, skill, experience, or education. U.S. v. Conn, 297 F.3d 548, 555 (7th Cir. 2002). A combination of experience and inspection of hard evidence or records may be sufficient to meet the first prong of F.R.E. 702. Id. Dr. Muckway has been practicing medicine for the past fifteen years. He has run his own neurology practice for the past eight years, he has two publications, and he has given several lectures in the past ten years. Dr. Muckway also examined the past Jail medical records of the Plaintiffs. Based on Dr. Muckway's combined experience and examination of physical evidence, this Court cannot say that Dr. Muckway failed to rely on sufficient evidence and data in forming his opinion as required by F.R.E. 702.

B.      Reliable Principles and Methods

However, possessing requisite credentials alone is not enough to render expert testimony admissible. Fuesting v. Zimmer, Inc., 421 F.3d 528, 535 (7th Cir. 2005). This Court must also analyze whether Dr. Muckway utilized reliable principles and methods pursuant to F.R.E. 702. Dr. Muckway's theory is that untreated staff infections may cause carpal tunnel syndrome, anterior tarsal tunnel syndrom, and musculoskeletal pain. Courts use four non-exclusive factors to help them determine reliability of a method or process. They are: 1) the extent to which the

6

theory has been or can be tested; 2) whether the theory has been subjected to peer review and/or publication; 3) the theory's known or potential rate of error; and 4) the general acceptance of the theory in the relevant scientific or professional community. Chapman v. Maytag Corp., 297 F.3d 682, 687 (7th Cir. 2002).

First, this Court must analyze whether Dr. Muckway's theory has been subjected to the scientific method, or in other words, whether he has conducted tests and experiments to verify his conclusions. Chapman, 297 F.3d at 688. Dr. Muckway performed a physical inspection, a neurological inspection, and an EMG on both Plaintiffs. Using these exams, this Court sees how Dr. Muckway may legitimately diagnose the respective Plaintiffs with carpal tunnel syndrome, anterior tarsal tunnel syndrom, and musculoskeletal pain. However, Dr. Muckway does not explain how these exams allowed him to determine a staff infection caused these medical problems.[3] Because the cause of the medical problems is the basis of Dr. Muckway's expert testimony, this Court must focus its inquiry upon the tests or experiments Dr. Muckway used to draw his conclusions about causation.

Plaintiffs contend that Dr. Muckway inspected the Jail records and learned that Plaintiffs had staff infections. As a result, because Dr. Muckway knew Plaintiffs had staff infections and suffered from carpal tunnel syndrome, anterior tarsal tunnel syndrom, and musculoskeletal pain, it is reasonable for Dr. Muckway to draw the analytical conclusion that the staff infections caused Plaintiffs' medical problems.

---

[3] Dr. Muckway did perform an EMG, but the EMG merely identified or diagnosed the existence of carpal tunnel syndrome. Dr. Muckway does not explain how the EMG indicates the Plaintiffs' staff infections caused the Plaintiffs' carpal tunnel syndrome, anterior tarsal tunnel syndrom, and musculoskeletal pain. Similarly, Dr. Muckway did not indicate that his neurological inspections suggested the staff infections caused these medical conditions.

Plaintiffs ask this Court to infer that Dr. Muckway's conclusions are based on reasonable assumptions, and as such, his conclusions are questions for the jury to decide and are not subject to F.R.E. 702 or Daubert. However, before the jury may draw reasonable conclusions, this Court must first determine under F.R.E. 702 and Daubert that Dr. Muckway's opinions are based upon reliable methods. The threshold problem with Dr. Muckway's opinion is that while he expresses theories on how staff infections may cause these medical problems,[4] he does not indicate whether he performed tests to verify his conclusions. Merely discussing causation theories without testing or further experimentation to verify the theories, or to discount other theories, does not constitute a valid method sufficient to support an expert opinion. Fuesting, 421 F.3d at 534-35; Chapman, 297 F.3d at 688.

This Court may consider when determining whether an expert used valid methods or processes whether the expert has adequately accounted for obvious alternative explanations. Fuesting, 421 F.3d at 534-35; see Tucker v. Nike, Inc., 919 F. Supp. 1192, 1198 (N.D. Ind. 1995). Particularly with regards to Smith, Dr. Muckway does not consider whether or not his carpal tunnel syndrome may have had other causes. With regards to Manns, Dr. Muckway considers that bone problems may provide explanations for her medical problems, but he did not perform a bone scan or any other test to exclude this possibility. Furthermore, Dr. Muckway does not indicate that the physical examination, neurological examination, or EMG ruled out alternative explanations for the Plaintiffs' medical problems. Simply put, Dr. Muckway has not

---

[4] Specifically, Dr. Muckway posits that Smith's carpal tunnel syndrome was caused by the significant amount of edema, or fluid build up within the skin, that was part of the staff infection. With regards to Mann, Dr. Muckway states that her anterior tarsal tunnel syndrom and musculoskeletal pain were caused by the staff infection because it forced her to walk awkwardly.

indicated that he did anything to account for alternative explanations for Plaintiffs' medical problems.  Even though Dr. Muckway provides analysis to support his theory, he has not indicated that his theory was tested so as to be a valid method or process as required by Chapman.

Additionally, Dr. Muckway does not indicate that he relied on any publications that support his causation theory.  Any reasonable expert would examine the literature of his theory before presenting it.  O'Conner v. Commonwealth Edison Co., 13 F.3d 1090, 1107 (7th Cir. 1994).  However, Dr. Muckway does not indicate if any literature supports his theory that staff infections caused the Plaintiffs' medical problems.

Last, Dr. Muckway has not indicated nor provided any evidence of whether his theory is generally accepted in the field of medicine.  Dr. Muckway has not provided any evidence that proves his theory of causation is accepted in the medical community or that doctors generally derive theories of causation by merely examining the patient and the patient's prior records. Simply put, the Plaintiffs have not produced evidence to establish that Dr. Muckway's theory or method is generally accepted in the medical field.

In short, Dr. Muckway has given a "bottom line" opinion, an opinion which is based solely on his authority.  This opinion does not comport with F.R.E. 702 or Daubert.  Zenith Elecs. Corp., 395 F.3d at 419-20.

Consequently, because Dr. Muckway did not perform any tests to verify his opinions and theory, did not indicate whether his opinion is generally accepted in the field of medicine or supported by professional literature, this Court concludes that Dr. Muckway did not rely on reliable principles or methods.  Essentially, Dr. Muckway's opinion is merely a "bottom line"

9

and as such, does not satisfy the requirements of F.R.E. 702.  As a result, his opinion is not based on reliable scientific knowledge that assists the trier of fact.  Defendants' motion to exclude Dr. Muckway is **GRANTED**.

**V.      OTHER MATTERS**

On July 28, 2006, Defendants filed a motion for leave to depose Dr. Muckway if this Court allowed Dr. Muckway to testify as an expert.  On August 4, 2006, Plaintiffs filed a response that they consented to allowing Defendants to depose Dr. Muckway.  However, because this Court has found that Dr. Muckway does not qualify as an expert, Defendants' motion is **DENIED AS MOOT**.

**VI.     CONCLUSION**

Plaintiffs' expert Dr. Muckway failed to utilize reliable methods to form his opinion.  Thus, Defendants' motion to exclude Dr. Muckway is **GRANTED** [Doc. No. 73].  Also, because this Court has excluded Dr. Muckway as an expert, Defendants' motion for leave to depose is **DENIED AS MOOT** [Doc. No. 89].

**SO ORDERED.**

Dated this 15th Day of September, 2006.

s/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge
